UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| MICHAEL STAS, | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **No. 25-11838-IT** |
| | ) | |
| COLONEL GEOFFREY NOBLE, et al., | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

September 17, 2025

On June 26, 2025, Michael Stas, a resident of Naples, Florida, filed a Complaint [Doc.

No. 1] and an Application to Proceed in District Court without Prepaying Fees or Costs [Doc.

No. 2]. On September 16, 2025, Stas filed an Emergency Motion for Temporary Restraining

Order, or in the alternative, Order to Show Cause and Expedited Preliminary Injunction [Doc.

No. 5] and a Memorandum of Law in Support [Doc. No. 6]. Stas brings this action pursuant to 42

U.S.C. § 1983 against the Plymouth Chief of Police and the Superintendent of the Massachusetts

State Police. Stas alleges that the FBI's Criminal Justice Information Services maintains

incorrect data concerning his Massachusetts arrest record and brings this action to compel

Defendants to transmit accurate records to the FBI.

Upon review, the court Orders:

1.      The Application to Proceed in District Court without Prepaying Fees or Costs

[Doc. No. 2] is ALLOWED.

2.      The  Emergency Motion for Temporary Restraining Order, or in the alternative,

Order to Show Cause and Expedited Preliminary Injunction [Doc. No. 5] is DENIED IN PART

and remains under advisement in part. Federal Rule of Civil Procedure 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse party where the moving party demonstrates "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "[T]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Rule 65's "stringent restrictions ... reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974). Here, Plaintiff has not demonstrated immediate and irreparable injury before the Defendants can be heard in opposition and thus notice to the Defendants is required. Plaintiff will be required to serve the Defendants with copies of the motion along with his Complaint. The Court will address the request for a preliminary injunction after the Defendants have had an opportunity to file a response.

3.      The Clerk shall issue summonses and shall send the summonses, a copy of the Complaint, a copy of the emergency motion and a copy of this Order to Plaintiff, who must serve these documents in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4.      Plaintiff may elect to have service made by the United States Marshals Service ("USMS"). If Plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

2

3

5.      Plaintiff shall have 90 days from the date of the issuance of the summonses to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to plaintiff.  *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

SO ORDERED.

September 17, 2025                                        /s/ Indira Talwani
                                                         UNITED STATES DISTRICT JUDGE